USCA1 Opinion

 

 October 25, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1805 EDUARDA C. AMARAL, Plaintiff, Appellant, v. RHODE ISLAND HOSPITAL TRUST, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Eduarda C. Amaral on brief pro se. _________________ Joseph V. Cavanagh, Jr., Michael DiBiase, Karen A. Pelczarski and _______________________ ________________ ___________________ Blish & Cavanagh on brief for appellees. ________________ ____________________ ____________________ Per Curiam. Appellant Eduarda C. Amaral appeals the ___________ entry of summary judgment by the United States District Court for the District of Rhode Island in favor of appellees, Rhode Island Trust National Bank and Christopher Brodeur. Amaral claims to have suffered discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. The court dismissed the action on the ground that Amaral had failed to file a timely discrimination charge with the Equal Employment Opportunity Commission [EEOC]. We have reviewed the record in this case, as well as the parties' briefs, and we affirm essentially on the same grounds as those relied upon by the district court. In a "deferral state" like Rhode Island, see Paulo v. ___ _____ Cooley, Inc., 686 F. Supp. 377, 382 (D.R.I. 1988), a ____________ plaintiff alleging discrimination in violation of Title VII must file an administrative complaint with the EEOC within 240 days of the challenged conduct. Mack v. Great Atlantic & ____ ________________ Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989). The ______________ evidence in the instant case is uncontested that Amaral filed a sworn complaint with the EEOC, see 42 U.S.C. 2000e-5(b); ___ 29 C.F.R. 1601.9 (charge of discrimination must be signed and verified under oath), only on September 25, 1992, which was 291 days after the most recent alleged discriminatory conduct. Moreover, Amaral has not presented sufficient evidence to entitle her to equitable tolling of the limitations -2- period. See Mack, 871 F.2d at 185 (this court "hew[s] to a ___ ____ 'narrow view' of equitable exceptions to Title VII limitations periods"). Affirmed. ________ -3-